1
2
3
4
5
6

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

8
9

| MICROSOFT CORPORATION, a Washington company,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>MY CHOICE SOFTWARE, LLC, a California limited liability company, and NATHAN MUMME, an Individual,<br><br>Defendants and Counterclaimants. | Case No. 8:16-cv-2187-DOC-KES<br><br>STIPULATED PROTECTIVE ORDER |
| --- | --- |

## I.    INTRODUCTION

A.    Purposes and Limitations

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to Confidential or

138916016.1

1  Attorney's Eyes Only treatment under the applicable legal principles.  The parties

2  further acknowledge, as set forth in Section 12.3, below, that this Stipulated

3  Protective Order does not entitle them to file confidential information under seal;

4  Civil Local Rule 79-5 sets forth the procedures that must be followed and the

5  standards that will be applied when a party seeks permission from the Court to file

6  material under seal.

7  B.    Good Cause Statement

8  This action is likely to involve trade secrets, customer and pricing lists and

9  other valuable research, investigatory, development, commercial, financial,

10  technical and/or proprietary information for which special protection from public

11  disclosure and from use for any purpose other than prosecution of this action is

12  warranted. Such confidential and proprietary materials and information consist of,

13  among other things, confidential business or financial information, information

14  regarding confidential business practices, or other confidential research,

15  development, or commercial information (including information implicating

16  privacy rights of third parties), information otherwise generally unavailable to the

17  public, or which may be privileged or otherwise protected from disclosure under

18  state or federal statutes, court rules, case decisions, or common law. Accordingly,

19  to expedite the flow of information, to facilitate the prompt resolution of disputes

20  over confidentiality of discovery materials, to adequately protect information the

21  parties are entitled to keep confidential, to ensure that the parties are permitted

22  reasonable necessary uses of such material in preparation for and in the conduct of

23  trial, to address their handling at the end of the litigation, and serve the ends of

24  justice, a protective order for such information is justified in this matter. It is the

25  intent of the parties that information will not be designated as Confidential or for

26  Attorney's Eyes Only for tactical reasons and that nothing be so designated

27  without a good faith belief that it has been maintained in a confidential, non-public

28  manner, and there is good cause why it should not be part of the public record of

138916016.1

1     this case.

2                **II.    DEFINITIONS**

3        2.1    <u>Action</u>: this pending federal law suit.

4        2.2    <u>"ATTORNEY'S EYES ONLY" Information or Items:</u>  information

5 (regardless of how it is generated stored or maintained) for which the disclosure to

6 another Party or non-party would create a substantial risk of serious injury that

7 could not be avoided by less restrictive means.  "Attorney's Eyes Only" materials

8 shall be considered "Confidential."

9        2.3    <u>Challenging Party</u>: a Party or Non-Party that challenges

10 the designation of information or items under this Order.

11        2.4    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of

12 how it is generated, stored or maintained) or tangible things that qualify for

13 protection under Federal Rule of Civil Procedure 26(c), and as specified above in

14 the Good Cause Statement.

15        2.5    <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as

16 their support staff).

17        2.6    <u>Designating Party</u>: a Party or Non-Party that designates information

18 or items that it produces in disclosures or in responses to discovery as

19 "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

20        2.7    <u>Disclosure or Discovery Material</u>: all items or information, regardless

21 of the medium or manner in which it is generated, stored, or maintained

22 (including, among other things, testimony, transcripts, and tangible things), that

23 are produced or generated in disclosures or responses to discovery in this matter.

24        2.8    <u>Expert</u>: a person with specialized knowledge or experience in a matter

25 pertinent to the litigation who has been retained by a Party or its counsel to serve

26 as an expert witness or as a consultant in this Action.

27        2.9    <u>House Counsel</u>: attorneys who are employees of a party to this Action,

28 and fellow employees of such House Counsel. House Counsel does not include

138916016.1

Outside Counsel of Record or any other outside counsel.

    2.10   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

    2.11   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

    2.12   <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

    2.13   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

    2.14   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

    2.15   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

    2.16   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

### III.   <u>SCOPE</u>

    The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

    Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

1

2

3

4

5

6

7

8

9

## IV.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

10

## V.    DESIGNATING PROTECTED MATERIAL

11

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in

138916016.1

this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "ATTORNEY'S EYES ONLY" (hereinafter "ATTORNEY'S EYES ONLY legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in deposition or in other pretrial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing or other proceeding, all protected testimony and specify the level of protection being asserted, or within 30 days of receipt of the deposition transcript, or transcript from the hearing or other proceeding.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is

138916016.1

stored the legend "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time unless otherwise stated in the Court's Scheduling Order.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3    Judicial Intervention.  If the parties cannot resolve a challenge without court intervention, the parties shall follow Court's standing procedure in civil cases regarding Discovery and Discovery Motions.  Prior to filing any motion pursuant to Local Rule 37-1, the parties must engage in the pre-filing conference of counsel required by Local Rule 37-1, during which they must discuss and consider whether the issues can be presented through an informal telephone conference, rather than through the filing of a formal motion.  Should the parties agree to an informal telephonic conference, the prospective moving party should contact the Court's Courtroom Deputy to schedule a conference.  The parties shall also at least 24 hours before the telephonic conference, submit letters of no more than 2 pages in length providing a synopsis of the discovery disputes and all meet and confer efforts that were undertaken.  After the conference, the Court, in its discretion, may order further briefing, and may or may not order the parties to

138916016.1

follow the provisions of Local Rule 37-2 et seq.

6.4    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VII.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record, and House Counsel, and fellow employees of such House Counsel, to whom it is reasonably necessary to disclose the information for this Action. ;

138916016.1

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action.

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    copy, document management, or electronic discovery or imaging services retained by counsel to assist in the management and duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material, upon completion of the service;

(h)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

138916016.1

1         (j)     any mediator or settlement officer, and their supporting

2    personnel, mutually agreed upon by any of the parties engaged in settlement

3    discussions.

4         7.3     <u>Disclosure of "ATTORNEY'S EYES ONLY" Information or Items</u>.

5         Unless otherwise ordered by the Court or permitted in writing by the

6    Designating Party, a Receiving Party may disclose "ATTORNEY'S EYES ONLY"

7    material only to those persons identified in Section 7.2 (a, c-h, and j).

8    **VIII.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED</u>**

9    **<u>PRODUCED IN OTHER LITIGATION</u>**

10        If a Party is served with a subpoena or a court order issued in other litigation

11   that compels disclosure of any information or items designated in this Action as

12   "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," that Party must:

13        (a)     promptly notify in writing the Designating Party.  Such

14   notification shall include a copy of the subpoena or court order;

15        (b)     promptly notify in writing the party who caused the subpoena

16   or order to issue in the other litigation that some or all of the material covered by

17   the subpoena or order is subject to this Protective Order.  Such notification shall

18   include a copy of this Stipulated Protective Order; and

19        (c)     cooperate with respect to all reasonable procedures sought to

20   be pursued by the Designating Party whose Protected Material may be affected.

21        If the Designating Party timely seeks a protective order, the Party served with

22   the subpoena or court order shall not produce any information designated in this

23   action as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" before a

24   determination by the court from which the subpoena or order issued, unless the

25   Party has obtained the Designating Party's permission.  The Designating Party shall

26   bear the burden and expense of seeking protection in that court of its confidential

27   material and nothing in these provisions should be construed as authorizing or

28   encouraging a Receiving Party in this Action to disobey a lawful directive from

138916016.1

1    another court.

2    ## IX.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

3    ## PRODUCED IN THIS LITIGATION

4          (a)    The terms of this Order are applicable to information produced

5    by a Non-Party in this Action and designated as "CONFIDENTIAL" or

6    "ATTORNEY'S EYES ONLY."  Such information produced by Non-Parties in

7    connection with this litigation is protected by the remedies and relief provided by

8    this Order. Nothing in these provisions should be construed as prohibiting a Non-

9    Party from seeking additional protections.

10          (b)    In the event that a Party is required, by a valid discovery

11    request, to produce a Non-Party's confidential information in its possession, and the

12    Party is subject to an agreement with the Non-Party not to produce the Non-

13    Party's confidential information, then the Party shall:

14          (1)    promptly notify in writing the Requesting Party and the

15    Non-Party that some or all of the information requested is subject to a

16    confidentiality agreement with a Non-Party;

17          (2)    promptly provide the Non-Party with a copy of the

18    Stipulated Protective Order in this Action, the relevant discovery request(s), and a

19    reasonably specific description of the information requested; and

20          (3)    make the information requested available for inspection

21    by the Non-Party, if requested.

22          (c)    If the Non-Party fails to seek a protective order from this court within

23    14 days of receiving the notice and accompanying information, the Receiving Party

24    may produce the Non-Party's confidential information responsive to the discovery

25    request.  If the Non-Party timely seeks a protective order, the Receiving Party shall

26    not produce any information in its possession or control that is subject to the

27    confidentiality agreement with the Non-Party before a determination by the court.

28    Absent a court order to the contrary, the Non-Party shall bear the burden and

expense of seeking protection in this court of its Protected Material.

## X.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XI.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## XII.    MISCELLANEOUS

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to

138916016.1

disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## XIII.  FINAL DISPOSITION

After the final disposition of this Action, as defined in section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.   As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must, upon request by another party, submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute

138916016.1

1   Protected Material remain subject to this Protective Order as set forth in Section 4

2   (DURATION).

3                           **XIV.  VIOLATIONS**

4          Any violation of this Order may be punished by any and all appropriate

5   measures including, without limitation, contempt proceedings and/or monetary

6   sanctions.

7

8          IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

    DATED:  March 9, 2018

9                                              **PERKINS COIE LLP**

10

11                                             By: /s/ Katherine M. Dugdale
                                                   Katherine M. Dugdale

12                                             Attorneys for Plaintiff and Counter-
                                               Defendant MICROSOFT
13                                             CORPORATION

14

    DATED:  March 9, 2018                      **HANSEN LAW FIRM, P.C.**
15

16                                             By: /s/ Joan E. Marquardt
                                                   Craig Alan Hansen
17                                                 Sarah Wager
                                                   Joan E. Marquardt
18

19                                             Attorneys for Defendants and
                                               Counterclaimants MY CHOICE
20                                             SOFTWARE, LLC and NATHAN
                                               MUMME

21

22         FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

23

24         DATED:  March 13, 2018

25

26

27         _Karen E. Scott_
           Hon. Karen E. Scott
           United States Magistrate Judge
28

---

14

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type a full name], of

_____ [print or type full address]k declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the United States District Court for the Central District of

California on _____ [date] in the case of Microsoft Corporation v. My Choice

Software, LLC, et al., Case No. 8:16-cv-2187-DOC-KES.  I agree to comply with

and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt.  I solemnly promise that I will not

disclosure in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

     I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [print of

type full name] of _____ [print or type full address

and phone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date:_____

City and State where sworn and signed:_____

Printed Name:_____

Signature_____

138916016.1